# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

CAMERON R. MORGAN, Partner
cmorgan@cgajlaw.com

**Reply to: Haddonfield Office**

**January 21, 2025**

_**Via Electronic Filing only**_
Honorable Rukhsanah L. Singh, Magistrate Judge
United States District Court
 for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

**Re:    J.C.M. o/b/o M.C.H., et al v. Franklin Township Board of Education**
**Docket No.: 3:24-cv-10139-MAS-RLS**
**Proposed Joint Discovery Plan**

Your Honor:

Please be advised that this firm represents Defendant, Franklin Township Board of Education, in connection with the above-referenced matter.  Plaintiffs are represented by David R. Giles, Esq.  There is a Scheduling Conference scheduled for February 4, 2025 in this matter.  In this regard, enclosed please find the parties' proposed Joint Discovery Plan.

Thank you for your attention to this matter.

Very truly yours,

_s/ Cameron Morgan_

Cameron R. Morgan
CRM/TB
Enclosure

c:    David R. Giles, Esq. (_w/enclosure via ECF_)

---

**Haddonfield Office: 255 Kings Highway East, Haddonfield, NJ 08033 Tel 732 583-7474 Fax 732 290-0753**
Matawan Office: 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753
Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601
Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 201 644-7601

www.cgajlaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.C.M. and M.H.G, individually and on behalf of M.C.H., | Docket No.: 3:24-CV-10139-MAS-RLS |
| Plaintiffs, | *Civil Action* |
| v. | |
| FRANKLIN TOWNSHIP BOARD OF EDUCATION, | **PROPOSED**<br>**JOINT DISCOVERY PLAN** |
| Defendant. | Rule 16 Conference Date: ***February 4, 2025*** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26.1, Plaintiffs,

J.C.M. and M.H.G, individually and on behalf of M.C.H. ("Plaintiffs"), and Defendant, Franklin

Township Board of Education ("Board," "District," or "Defendant"), respectfully submit this

Proposed Joint Discovery Plan.

**(1)     Set forth the name of each attorney appearing, the firm name, address and telephone number, facsimile number, and e-mail address of each, designating the party represented.**

For the Plaintiffs, David R. Giles, Esq., Law Office of David R. Giles, 34 Rynda Road, South Orange, NJ 07079, (t) 973-763-1500, (f) 973-843-0267, davidgiles@davidgileslaw.com

For the Defendant, Cameron R. Morgan, Esq., Cleary, Giacobbe, Alfieri & Jacobs, LLC, 255 Kings Highway East, Haddonfield, NJ 08033, (t) 732-583-7474, (f) 732-290-0753, cmorgan@cgajlaw.com

**(2)     Brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case.**

**Plaintiffs' Statement:**

Plaintiffs allege that the Board violated the Individuals with Disabilities Education Act when it failed to comply with a Settlement Agreement and order of an ALJ reached in a special education due process hearing.  Plaintiffs further claim that school officials discriminated against M.C.H. in violation of Section 504 and the ADA by knowingly failing to do so. Plaintiffs contend that the Defendant failed to

comply with multiple provisions of the Agreement as set forth in the ¶61 of the Complaint (ECF 1) and that none of the Board's alleged failures to comply are justifiable.

**Defendant's Statement:**

Defendant filed an Answer denying the claims and allegations set forth in Plaintiffs' Complaint and has asserted fifteen (15) separate defenses in its Answer, which are incorporated by reference herein.  Substantively, the Settlement Agreement contained flexible language as to the scheduling and make-up of compensatory education hours, such that Defendant is not in breach of the Settlement Agreement regarding compensatory hours, and Plaintiffs continued litigation reflects an effort to pressure or otherwise leverage the team into increasing compensatory hours too early up to a rate to which the student is still adjusting and may not be ready for.  Rather than allow the parent's attorney to dictate the schedule of when compensatory hours should be made up, the Defendant contends that such determination should be made by the educational and behavioral providers working with the student, in consultation with the child study team, as the Settlement Agreement states.

Further, Defendant has, at all times relevant hereto, complied with the Individuals with Disabilities Education Act, 20 U.S.C.A. §1400 et seq., N.J.S.A. 18A:46-1 et seq., all applicable administrative regulations promulgated thereunder, 24 C.F.R. § 300.1 et seq. and N.J.A.C. 6A:14-1, et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, et seq., all applicable administrative regulations promulgated thereunder, 34 C.F.R. §104.1 et seq., Title II of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq., and any and all other statutes and/or regulations that may be applicable hereto.

**(3)**     **Have settlement discussions taken place?  Yes __X__ No _____**

       a. What was plaintiff's last demand?

            i. Monetary demand: $ <u>Plaintiffs have not yet made a monetary demand.</u>

           ii. Non-monetary demand: <u>On December 10, 2024, Plaintiff offered to settle for the following terms:  (i) conduct the AAC Evaluation through an evaluator of Plaintiff's choosing, (ii) conduct the program review and FBA per settlement terms, (iii) require compensatory education to be made up at a rate of 1 hour/day after school, plus an additional four hours of compensatory education per week after school, with no flexibility; and $8,000 in fees and costs, in consideration for withdrawal of the Complaint, with prejudice. Plaintiffs believe, contrary to Defendant's contention, that additional assurances are needed with respect to specific plans for future compliance and that they are only seeking in compensatory education what was agreed to in the Settlement Agreement.</u>

What was defendant's last offer? <u>Defendant's position will depend upon Plaintiffs' demands and the reasonableness of same, but Defendant has independently completed and satisfied any and all outstanding requirements under the Settlement Agreement, including making provision for the completion of the remaining evaluations (despite delays from the previous evaluators), such that the only remaining area of dispute is the flexibility with regard to the rate of compensatory education hours being made up under the Settlement Agreement. Plaintiffs insist upon the maximum possible amount being made up as quickly as possible, while the District sought to ease M.C.H. into the increased make-up hours of compensatory education as his regular instructional program hours were increased and he adjusted to that increase. There were significant concerns with overworking this young man and seeing regression in problem behaviors due to exhaustion, on the existing factors.</u>

   iii.  Monetary offer:  $ _____

   iv.  Non-monetary offer: _____

**(4)**    **The parties [have __X__ have not ____] met pursuant to Fed. R. Civ. P. 26(f).**

**(5)**    **The parties [have ___X___ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The parties have provided information required by FRCP 26(a)(1).

Upon informal request from Plaintiffs, Defendants have furnished follow-up documentation that would otherwise have needed to be exchanged in discovery, including logs of compensatory hours made-up already by this point, and other student records related to the implementation of the Settlement Agreement. Additional records information as required will be provided within two weeks of the scheduling conference if this matter is not otherwise resolved.

The parties hoped to try to settle this matter before engaging in any formal discovery.

**(6)**    **Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

None identified at this time, subject to the parties' ability to revise this response should same become necessary.

**(7)**    **The parties [have ____ have not __X__ ] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.**

**(8)**    **The parties [have ____ have not __X__ ] conducted discovery other than the above disclosures. If so, describe.**

In response to informal requests from Plaintiffs, Defendants have furnished follow-up documentation that would **have** otherwise needed to be exchanged in

discovery, including logs of compensatory hours made up already by this point, and other student records related to the implementation of the Settlement Agreement.

**(9)    Proposed joint discovery plan:**

    (a)    **Discovery is needed on the following subjects:**

        (1)    Plaintiffs would like to conduct discovery on the question of whether the District complied with the Settlement Agreement, and, if not, to what extent and why? Defendant believes that discovery should be limited to whether the District complied with the Settlement Agreement as to compensatory hours.

        (2)    What was the impact, if any, of any failure to comply with the Settlement Agreement?

        (3)    Was the provision of compensatory instructional hours sufficient and within the flexibility of the Settlement Agreement's language in terms of scheduling?

    (b)    **Discovery [should _____ should not __X__ ] be conducted in phases or be limited to particular issues. Explain.**

Defendant believes that documentation needed in discovery will be relatively minimal, and much of it has already been informally exchanged. Plaintiffs disagree.

    (c)    **Proposed schedule:**

        (1)    Fed. R. Civ. P. 26 Disclosures ___February 18, 2025.

        (2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d) _____.

        (3)    Service of initial written discovery__February 28, 2025.

        (4)    Maximum of _25_ Interrogatories by each party to each other party.

        (5)    Maximum of _7_ depositions to be taken by each party.

        (6)    Motions to amend or to add parties to be filed by _June 13, 2025.

        (7)    Factual discovery to be completed by _May 28, 2025.

        (8)    Plaintiff's expert report due on _Plaintiffs' do not anticipate an expert report.

        (9)    Defendant's expert report due on _Defendants do not anticipate an expert report at this time.

        (10)    Expert depositions to be completed by _Expert depositions are not anticipated.

        (11)    Dispositive motions to be served within 30 days of completion of discovery.

    (d)    **Set forth any special discovery mechanism or procedure requested.**

    (e)    **A pretrial conference may take place on _____.**

(f)    **Trial date: _____ (_____ Jury Trial; _____ Non-Jury Trial).**

**(10)    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No __X__. If so, please explain.**

**(11)    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No __X_____.**

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**(12)    Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.**

A confidentially order may be requested due to the involvement of a minor in this matter.

**(13)    Do you anticipate any discovery problem(s) not listed above? Describe. Yes __No _X__**

**(14)    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

This case is appropriate for mediation except for the fact that the Plaintiffs are indigent and cannot afford mediation fees. Defendants would be open to mediation.

**(15)    Is this case appropriate for bifurcation? Yes _____No _X__.**

**(16)    An interim status/settlement conference (with clients in attendance), should be held in _____.**

**(17)    We [do _X_ do not _____] consent to the trial being conducted by a Magistrate Judge.**

**(18)    Identify any other issues to address at the Rule 16 Scheduling Conference.**

| | |
|---|---|
| LAW OFFICES OF DAVID R. GILES, | CLEARY GIACOBBE ALFIERI JACOBS, LLC, |
| Attorney for Plaintiffs,<br>J.C.M. and M.H.G, on behalf of M.C.H. | Attorney for Defendants,<br>Franklin Township Board of Education |
| By:___*s/ David R. Giles*_____<br>      David R. Giles, Esq. (ID # 031522001) | By:___*s/ Cameron R. Morgan*_____<br>      Cameron R. Morgan, Esq. (ID # 016522008) |
| Dated: January 21, 2025 | Dated: January 21, 2025 |